# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| Juana De Reyes,<br><br>    Plaintiff,<br><br>  v.<br><br>Nationstar Mortgage, LLC, *et al.*,<br><br>    Defendants. | ED CV 15-02345 (SPx)<br><br><br>Order<br>[JS-6] |

   The Court has considered Plaintiff's motion to remand, together with the moving and opposing papers.

   This case was removed based on diversity jurisdiction. While there is no dispute that the parties are diverse, the parties dispute whether the amount in controversy exceeds $75,000.00. The removal statute, 28 U.S.C. § 1446, must be construed strongly against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When the complaint is unclear as to the amount in controversy, as it is here, a removing defendant must justify jurisdiction, by a preponderance of the evidence, by setting forth additional facts in the notice of removal. *Gaus*, 980 F.2d at 566-67. Further, the Court may consider a defendant's opposition to a motion to remand as an amendment to its notice of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002). Therefore,

the Court may look to Nationstar's notice of removal and its opposition to Reyes's motion to remand to determine if Nationstar has established that the amount in controversy exceeds $75,000.00.

Nationstar relies on *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977), which held that, in actions seeking injunctive relief, the amount in controversy is the value of the object of the litigation. Nationstar asserts that the object of the litigation here is the loan or, alternatively, the property securing it, both of which have a value greater than $75,000.00. However, courts in this District have repeatedly held that when there is a pending loan modification application the amount in controversy is neither the amount of the loan nor the amount of the property. *See Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276 (C.D. Cal. 2015); *See also Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421 (C.D. Cal. 2015); *See also Cheng v. Wells Fargo Bank, N.A.*, 2010 WL 4923045 (C.D. Cal. 2010). The problem, though, is that while those cases held what the amount in controversy is not, they did not explicitly hold what the amount in controversy should be. Presumably, the amount in controversy should be the amount of the pending loan modification because it is not the amount of the loan nor the amount of the property.

Reyes's alleges in her complaint that she sent Nationstar a loan modification application on February 27, 2015, while Nationstar asserts that it sent Reyes a loan modification denial letter on February 6, 2015. After attempting to reconcile the conflicting facts, it appears that the February 6, 2015, denial letter denied the second loan modification application submitted in January or early February of 2015. Thus, it appears that the February 27, 2015, loan modification application is still pending. Accordingly, the amount in controversy would more accurately be the difference between the amount of the current loan balance and the modified loan balance, if the loan modification were granted. However, the parties only provided the original loan amount and the current estimated value of the house. The amount of the requested modification was not disclosed by either party.

Thus, our case is identical to the situation in *Steele*, where Judge Bernal held that the value of the property should not factor into the amount in controversy calculus because the plaintiffs were not seeking a permanent injunction against foreclosure, but, rather, a final decision on their loan modification application, and sought to enjoin the lender from pursuing foreclosure until it had complied with California's requirements for loan modification review. *See Steele*, 2015 WL 4272276 at *3. Additionally, Judge Tucker, in *Cheng,* held that even where the primary relief sought by the plaintiffs was a temporary delay of foreclosure proceedings, the amount of the loan was not a relevant measure for the amount in controversy. *See Cheng*, 2010 WL 4923045 at *2.

Because Nationstar has not established, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.00, it has not met its burden of establishing that this Court has diversity jurisdiction.

Attorneys' fees for this motion may be awarded to Reyes. 28 U.S.C. § 1447(c). However, an award of fees is discretionary and should not be granted when the removing party had an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). While Nationstar has not established that the amount in controversy is satisfied, there is no binding authority on this issue. Thus, it cannot be said that its decision to remove was objectively unreasonable.

It is Ordered that Plaintiff's motion to remand be, and hereby is, Granted.

It is further Ordered that Plaintiff's request for attorneys' fees upon remand be, and hereby is, Denied.

Date: May 3, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge

Order – Page 3 of 3